STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
WAKE COUNTY      SUPERIOR COURT DIVISION
     CVS

FILED
2022 JAN -4 P 12: 11
WAKE CO., C.S.C.
BY _____

| | |
|---|---|
| COLLETTE BALKWILL, | ) |
|     Plaintiff, | ) |
| v. | )      **COMPLAINT** |
| TARGET CORPORATION, and TARGET STORE #2721 | ) |
|     Defendant. | ) |

**NOW COMES** the Plaintiff, Collette Balkwill, (hereinafter referred to as "Plaintiff"), by and through her attorney, Gregory A. Posch, and complaining of Defendant Target Corporation (hereinafter also referenced as "Target") and Target Store #2721 (hereinafter collectively referred to as "Defendants Target") states and alleges as follows:

1. On and prior to 7 September 2019, Plaintiff was a resident of Morrisville, Wake County, North Carolina.

2. Any reference to the Defendants Target stated herein includes both Defendants, Target Corporation and Target Store #2721.

3. Defendant Target and Defendant Target Store #2721 are now, and at all times mentioned in this Complaint were, each organized and existing under the laws of the State of Minnesota with their principal place of business at 1000 Nicolet Mall, St. Paul, MN 55117-5603; and operate many stores within North Carolina including Wake County.

4. Upon information and belief, Defendant Target Store #2721 is a subsidiary of Defendant Target and is operated within Wake County, North Carolina.

5. Defendants Target are now, and at all times mentioned in this Complaint were doing business in Wake County, North Carolina.

6. On or about 7 September 2019, and continuing through the present, Defendants Target owned, operated, managed and/or maintained and/or had a duty to own, operate, manage, and/or maintain, both individually and by and/or through their agents and/or employees, a certain premise, referred to as Target Store #2721, located at 3001 Market Center Drive, Chapel Hill, NC 27560.

7. On or about 7 September 2019, and continuing through the present, Defendants Target owned and operated Target Store #2721 described herein and the negligent commissions and omissions described herein were done by agents, associates, and employees of these Defendants.

8. Defendants Target are therefore liable to the Plaintiff for the negligent and wrongful conduct described herein under the legal principle of *Respondeat Superior*.

9. On 7 September 2019, in the morning around 11:10 a.m., Plaintiff, as an invitee, was in the store referred to as Target Store #2721, owned and operated by Defendants Target, located at 3001 Market Center Drive, Chapel Hill, NC 27560.

10. On 7 September 2019, in the morning at 11:10 a.m., Plaintiff was shopping for milk and wine.

11. Plaintiff grabbed the milk and wine to purchase and began exiting the Target Store #2721 premises.

12. While exiting the store, Plaintiff was walking through the premises toward the customer self check area to purchase her milk and wine.

13. When Plaintiff reached the self-checkout area, she was waiting in line behind several customers or invitees to purchase the milk and wine.

14. While moving through the waiting line, Plaintiff went to approach the first check out kiosk on her left hand side.

15. On or about 7 September 2019, there was a slippery substance on the floor or aisle of Target Store #2721 where Plaintiff was walking to approach the self checkout kiosk.

16. This area was open to the public and was designated for retail customers.

17. On or about 7 September 2019, when Plaintiff was walking to purchase her milk and wine, between 10:50 a.m. and 11:05 a.m., Plaintiff was approaching the self check out kiosk and slipped on the accumulated water on the floor or in the aisle and her left leg slipped and folded underneath her body while she fell heavily to the ground causing significant personal injuries when hitting the floor of Target Store #2721, the premises owned and/or possess by Defendants Target.

18. Immediately after Plaintiff fell from slipping in the water, an employee/employees of Defendants Target called Wake County emergency medical services (hereinafter "EMS") and, upon information and belief, picked up the slippery substance from the floor.

19. Plaintiff was transported by Wake EMS to UNC Rex Hospital for immediate medical treatment.

2

20. Defendants Target herein were aware or should have been aware that the floor or aisle near the self checkout area was slippery and a slipping/falling hazard to invitees.

21. Defendants Target did not place warning signs in the aisle where the slippery substance accumulated to warn invitees and Plaintiff that the floor was slippery and a slipping hazard.

22. Defendants Targets did not place any anti-slip mats, regular cloth mats or other mats on the floor that could have prevented Plaintiff from slipping and falling on the Target Store #2721 premises.

23. Defendants Target did not barricade the slippery substance in the aisle or floor to stop invitees and Plaintiff from slipping and falling from the substance.

24. Defendants Target did not dry the floor in the aisle to stop invitees and Plaintiff from slipping and falling from the substance.

25. Defendants Target employed some or all of the individuals who were guilty of negligent acts and omissions as described herein and Defendants Target are therefore, indebted to the Plaintiff for the compensatory damages described herein.

26. The negligent acts and omissions of the various agents and employees of Defendants Target were all done within the course and scope of their employment by Defendants Target and Defendants Target are therefore, liable to the Plaintiff for compensatory damages under the legal principle of *Respondeat Superior*.

27. Defendants Target, as the landowners or possessors, have a duty to use ordinary care to keep the premises in a reasonably safe condition for lawful visitors, such as invitees, who use the premises in a reasonable and ordinary manner.

28. Defendants Target breached this duty of ordinary care to Plaintiff, through the actions of their agents or employees, while acting within the course and scope of their employment in that Defendants Target:

    a. Allowed a slippery substance to come into contact with and remain on the floor of the premises when Defendants Target knew, or in the exercise of reasonable care should have known, that the substance created an unreasonable risk of harm to customers and invitees in the store;

    b. Failed to take reasonable care in the maintenance and supervision of its premises for the protection of lawful visitors and invitees;

    c. Failed to conduct reasonable inspections of the premises that would reveal dangerous conditions;

    d. Failed to take reasonable precautions to keep the aisles and passageways of

the premises in reasonably safe condition;

    e. Failed to take reasonable precautions to either make its premises reasonably safe or give warnings as is reasonably necessary to inform of any foreseeable danger;

    f. Failed to maintain the floor of the premises in a reasonably safe condition;

    g. Failed to block of the hazardous portion of the floor for the protection of lawful visitors and invitees;

    h. Failed to warn Plaintiff or other invitees and lawful visitors of the danger presented by the presence of the slippery substance on the floor; and

    i. Failed to otherwise exercise due care with respect to the matters alleged in this complaint.

29. As a direct and proximate result of the negligence of Defendants Target as set forth above, Plaintiff slipped and fell while on the premises of Target Store #2721 and suffered significant personal injuries.

30. As a further direct and proximate result of the negligence of all the named Defendants as set forth above, Plaintiff sustained the following serious injuries and damages:

    a. Pain and suffering (past, present and future);

    b. Medical and other expenses (past and future);

    c. Partial permanent injury and disability to important parts of her body;

    d. Diminished earning capacity;

    e. Other damages, all in amounts not yet fully determined.

[BOTTOM OF PAGE LEFT INTENTIONALLY BLANK]

**WHEREFORE**, Plaintiff respectfully prays unto the Court as follows:

1. That Plaintiff have and recover of the named Defendants a sum in excess of twenty five thousand dollars ($25,000) for personal injuries;

2. Plaintiff recover prejudgment interest, post-judgment interest, and attorney's fees, if allowed by law;

3. That the costs of this action be taxed to Defendants Target;

4. That all matters be tried by jury; and

5. For such other and further relief as the Court deems just and proper.

This the 4th day of January, 2022.

 

POSCH LAW FIRM

Gregory A. Posch
NC State Bar No.: 51150
P.O. Box 99418
Raleigh, NC 27624
Phone: (910) 460-0100
Fax: (910) 208-0700
*Attorney for Plaintiff*

5